## STOCKMAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 26, 1925.)

No. 4563.

1. **Intoxicating liquors ☞238(1)—Evidence held sufficient to go to jury in prosecution for unlawful possession.**

Evidence *held* sufficient to go to jury in prosecution for unlawful possession of intoxicating liquor.

2. **Criminal law ☞878(3)—Acquittal on charge of sale held not to carry with it acquittal on charge of possession of liquor sold.**

Acquittal on charge of selling liquor *held* not to carry with it acquittal on charge of possession of liquor sold, where sale was made by employee of defendant, and jury might have believed that it was without defendant's authority.

3. **Criminal law ☞1169(6)—Error in admitting testimony affecting only counts on which defendant was acquitted held harmless.**

Where evidence, admitted over objection that it was obtained by unlawful search and seizure, related solely to counts on which defendant was acquitted, error, if any, in its admission was harmless.

4. **Criminal law ☞369(6)—Evidence of sales of intoxicating liquor other than charged held admissible on charge of maintaining nuisance.**

In prosecution for sale and possession of intoxicating liquor, and for maintaining nuisance, evidence of sales other than charged *held* admissible on charge of maintaining nuisance.

5. **Criminal law ☞368(1)—Evidence as to conversations had at time of sale of intoxicating liquor held admissible as part of res gestæ.**

Testimony as to conversations had by purchaser of liquor with colored maid, who obtained permission to make sale from defendant, *held* properly admitted as part of res gestæ in prosecution for unlawful sale, possession, and maintenance of nuisance.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Allen J. Stockman was convicted of unlawfully possessing intoxicating liquor, and he brings error. Affirmed.

Plaintiff in error was convicted of having possession, on the 16th day of May, 1924, of two ounces of gin and two pints of beer. The jury also found that he had been previously convicted. He was acquitted on counts which charged him with the sale of liquor on the 16th and 19th of May, and with the possession of liquor on the 23d of May; also on a count which charged him with maintaining a nuisance. His wife, who was jointly indicted with him, was acquitted on all counts.

Edward H. Chavelle, of Seattle, Wash., for plaintiff in error.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, both of Seattle, Wash., for the United States.

Before GILBERT, RUDKIN, and McCAMANT, Circuit Judges.

McCAMANT, Circuit Judge. [1] Error is assigned on the denial of the motion of plaintiff in error for a directed verdict. It appeared from the testimony of Russel C. Jackson that on May 16, 1924, he visited the premises described in the information, and purchased two gin fizzes. These drinks were served in the presence of plaintiff in error by a colored maid in his employ. When Jackson paid the maid for the drinks, plaintiff in error produced the change to which Jackson was entitled. At a later hour on the same day witness returned to the premises with Earl Corwin. They asked plaintiff in error for drinks, and he directed his wife to serve them. Mrs. Stockman accordingly gave them gin fizzes and two bottles of beer, which they carried away. These purchases were made at the Brooklyn Hotel in Seattle. Plaintiff in error admitted that he managed the hotel. Corwin corroborated the testimony of Jackson with reference to the happenings on the second visit. This was ample evidence to take the case to the jury, and the district court did not err in denying the motion for a directed verdict.

[2] It is argued that plaintiff in error was acquitted on the charge of selling liquor on the 16th of May, and that Mrs. Stockman was also acquitted on that charge; that therefore the jury must have disbelieved the testimony above referred to; and that for this reason the verdict should have been set aside by the district court. The jury may have believed plaintiff in error's testimony that the maid acted without his authority in selling the liquor on the morning of May 16th, and yet that she made the sale from a supply of liquor in the unlawful possession of plaintiff in error.

[3] Under a search warrant sued out on the 23d of May, 1924, the Brooklyn Hotel was searched, and a quantity of liquor was

seized. Plaintiff in error filed a petition to suppress this evidence, and objected to the testimony of the government as to all happenings at the hotel when the search warrant was being executed. The testimony so objected to related wholly to the charges made by the fifth and sixth counts of the information, charging possession on May 23d and the maintenance of a nuisance. There was an acquittal as to these counts. The testimony therefore was not harmful, even if it was improperly received.

[4] The sixth count in the information charged the defendant with maintaining a common nuisance at the Brooklyn Hotel between December 5, 1923, and June 10, 1924, by keeping and selling liquor. In support of this charge evidence was properly received of sales of liquor on various dates, including May 13, 1924.

[5] The witness Jackson was permitted to testify over plaintiff in error's objection and exception to a conversation he had at the Brooklyn Hotel on his first visit on May 13th. The conversation was with the colored maid above referred to, and related wholly to the drinks which were served at that time. The maid asked plaintiff in error whether she should sell the drinks to Jackson, and plaintiff in error told her to do so. In 2 Jones on Evidence, § 344, it is said: "When declarations or acts accompany the fact in controversy and tend to illustrate or explain it, they are treated not as hearsay, but as original evidence, in other words, as part of the res gestæ. Thus, conversations contemporaneous with the facts in controversy and explaining such facts are admissible." The fact in controversy was the sale. The conversations tended to explain it and charge plaintiff in error with responsibility for it. The same author in section 255 of his work says: "Whatever is said by an agent * * * at the time and accompanying the performance of any act, within the scope of his authority, having relation to, and connected with, and in the course of, the particular contract or transaction in which he is then engaged * * * is, in legal effect, said by his principal and admissible in evidence against such principal." There was testimony that the maid was expressly authorized by plaintiff in error to make these sales. The court did not err in receiving evidence of this conversation. Testimony as to other conversations to the same purport was properly admitted with reference to subsequent sales. There was an acquittal on the charge of maintaining a nuisance, and

for this reason also the exceptions to this testimony cannot avail plaintiff in error.

It is contended in plaintiff in error's brief that the instructions were unfair in two respects. Error is not assigned on this ground, but we have examined the charge of the court, and find that it was substantially correct.

The judgment is affirmed.