### CULJAK v. UNITED STATES.
No. 6469.

Circuit Court of Appeals, Ninth Circuit.
Nov. 13, 1931.

Rehearing Denied Dec. 14, 1931.

counts charged unlawful sales of intoxicating liquor as having been made by appellant. The second count charged one Nicholson with having made a sale of intoxicating liquor. The fourth count charged the appellant and Nicholson with having maintained a place for manufacturing, keeping, selling, and bartering intoxicating liquors. The United States Attorney conceded the objection of the defendants as to insufficiency in the charges contained in count 2 and count 3, and those counts were not brought before the jury sitting at the trial.

The appellant seasonably moved to quash the indictment, urging as ground that the joinder of the count of the indictment charging appellant singly with having made a sale of liquor with a count wherein he was charged jointly with Nicholson was improper, and would prejudice him in his right to a fair trial. Appellant was acquitted on the first count and convicted with his codefendant on the nuisance count. His codefendant is not a party to the appeal.

Subject to the qualifications hereinafter stated, a motion to quash on indictment for misjoinder, either of offenses or parties defendant, is addressed to the discretion of the court; the guiding rule in the disposal of such a motion being that the court shall consider whether some of the defendants may be prejudiced by having evidence applicable to other of the defendants so involve them as that it reacts to their prejudice with the jury; or that they may be injuriously affected in their right to peremptory challenges. Where any single count of an indictment against several persons is sufficient in form and substance to charge a public offense, the fact that there has been a misjoinder of either offenses or persons charged therein will not invalidate the indictment as a whole. The prosecutor may move to dismiss one or more counts of an indictment, and jeopardy will not attach as to the counts so disposed of. United States v. Rossi, 39 F.(2d) 432 (C. C. A. 9). Or the court may order separate trials of the defendants. Where an adverse ruling has been made on a motion to quash for misjoinder, the question will be as to whether such misjoinder, and trial under it, has operated to the prejudice of the defendant.

The case of McElroy v. United States, 164 U. S. 76, 17 S. Ct. 31, 41 L. Ed. 355, determined that different defendants might not be charged in the same indictment where they were all not included in each count thereof.

H. Sylvester Garvin, of Seattle, Wash., for appellant.

Anthony Savage, U. S. Atty., of Seattle, Wash., and Joseph A. Mallery, Asst. U. S. Atty., of Tacoma, Wash.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge.

This appeal was taken from a judgment of imprisonment entered in the District Court against appellant upon his conviction by a jury on a charge that he had conducted and maintained a place which constituted a common nuisance under the provisions of the Federal Prohibition Act (title 2, § 21 [27 USCA § 33]).

The indictment as returned by the grand jury contained four counts, the first and third

The case of Pointer v. United States, 151 U. S. 396, 14 S. Ct. 410, 38 L. Ed. 208, did not involve the matter of defendants being differently charged, some in one count of the indictment and some in another. There a single defendant was charged in two separate counts with having committed two separate murders. The court held that, as the murders were committed at the same time, and as the evidence in proof of one would be necessarily involved in the proof of the other, the joining of the charges in the same indictment should be permitted. The court there, nevertheless, indicated that it was the duty of the trial judge, in such a case, to use his discretion with care to see that a defendant was not unduly embarrassed and injured in his defense, because of the joinder. This to the point that the matter of joining offenses was not one of clear right in the prosecuting officer, but one which was subject to regulation by the court.

We are cited to no decision which approves a practice of the joining in one indictment different defendants, some of whom are charged with one crime and some with another. The established rule is to the contrary. Counsel for appellant very properly argues that prejudice would result to the accused, if such practice were permitted, and that such prejudice is apparent and must be assumed.

Judge Van Devanter, sitting in the Circuit Court, in the case of United States v. Dietrich et al., 126 F. 664, 671, after an exhaustive discussion of the subject of joinder of parties defendant and charges, both under the common law and modern practice, said: "The general rule that two or more defendants cannot be severally charged in the same indictment with distinct and several offenses is well recognized. * * *"

The federal statute (18 USCA § 557), defining the classes of offenses that may be joined in an indictment as against a defendant, notwithstanding that it may charge the common-law parties, furnishes no authority for charging several defendants in separate counts with separate and distinct offenses. Its provisions do not touch the latter subject at all. And the rule adverted to may not, by judicial interpretation, be made to yield to a claim of expediency, born of the desire of public prosecutors to hasten the progress of criminal causes before the courts, however commendable the purpose in view. It is grounded in the right, always accorded a person accused of crime, to a fair and impartial trial and to be convicted upon proof of his own acts, unaffected by the atmosphere of guilt that may surround another defendant tried before the same jury for a different offense.

Conceding then that upon the motion to quash the indictment the court should have sustained the objections of the appellant, does the fact that the appellant was acquitted on the first count put him in a different position with respect to his claim that he necessarily suffered prejudice? The prosecuting officer introduced testimony to show that appellant had, on October 17, 1930, made a sale of intoxicating liquor at a certain cigar stand and lunch counter; also testimony that Nicholson, the codefendant, had made a sale of liquor on November 3, 1930, at the same place; that appellant had made a second sale of liquor on November 22, 1930, at the same place. There was testimony that at the last two times sales were made appellant and Nicholson were both present and apparently in charge of the place. Appellant and Nicholson testified in their own behalf; Nicholson admitting that he owned the place, and appellant admitting that he was employed by Nicholson. Each denied making sales of intoxicating liquor. Nicholson testified that he did not open the cigar stand until October 19, 1930, and appellant fixed the date of the commencement of his work there as October 21, 1930. Appellant admitted that he had twice, theretofore, been convicted of having unlawful possession of intoxicating liquor. The evidence introduced against appellant under the first count, where he was singly charged with having made a sale of liquor, was proper to be considered under the nuisance count against each defendant.

It cannot then be reasonably inferred that appellant was prejudiced because the charge contained in the first count was permitted to be considered by the jury. A number of decisions hold that, where two charges of different offenses which should not have been joined are contained in an indictment, and go to the jury over the objections of the defendant, an acquittal on one charge will relieve the error of prejudice to the defendant. These decisions, we believe, apply with equal reason to the situation which this case presents. See Morris v. United States, 12 F.(2d) 727, 729 (C. C. A. 9); Beaux Arts Dresses, Inc., v. United States, 9 F.(2d) 531 (C. C. A. 2); Weinhandler v. United States, 20 F. (2d) 359 (C. C. A. 2); Latses v. United States, 45 F.(2d) 949 (C. C. A. 10).

The instruction of the court that the government was not required to prove the exact

date of the sale alleged in the first count of the indictment, but that the proof might be that "it occurred about that time," was proper. And, tested by the specifications of error as made, the instruction as to what constituted a public nuisance, framed in the language of the statute, was not improper. Appellant offered to the court no instructions, and, considering the charge as a whole, we think it sufficiently covered the law as applicable to the case.

No error is found requiring a reversal of the judgment.

Affirmed.