**MIRANDA v. UNITED STATES.**

No. 12877.

United States Court of Appeals
Ninth Circuit.

May 5, 1952.

6. See cases cited in Note 5.

E. R. Williams, Stockton, Cal., for appellant.

Chauncey Tramutolo, U. S. Atty., Edgar R. Bonsall, Asst. U. S. Atty., San Francisco, Cal. (Arthur J. Phelan, Morton M. Levine, Immigration and Naturalization Service, San Francisco, Cal., on the brief), for appellee.

Before DENMAN, Chief Judge, and ORR and POPE, Circuit Judges.

POPE, Circuit Judge.

By indictment returned October 2, 1950, appellant was charged in ten counts with violation of 8 U.S.C.A. § 746(a)(1).[1] The offenses charged were the making of a false statement under oath as a witness in ten separate naturalization proceedings of ten different applicants. The crimes charged in the first six counts were allegedly committed more than three years before the date of the indictment. Counts seven to ten, inclusive, alleged violations occurring less than three years prior to the indictment. Appellant plead not guilty to all counts and prior to trial moved for dismissal of counts one to six, inclusive, on the ground that prosecution was barred by the general three year statute of limitations, 18 U.S.C.A. § 3282. The motion was denied and appellant was tried concurrently on counts one to six, and count eight.[2] The jury returned a verdict of guilty as to count eight only, and found the appellant not guilty as to the remaining counts. From the judgment on the verdict this appeal is taken.

The principal contention pressed by appellant is that the evidence introduced for the purpose of proving commission of the crimes charged in the allegedly barred counts was inadmissible and that its allowance in evidence constituted prejudicial error. It is urged that the admission of this evidence so infected the jury's consideration of the charge in count eight as to render the verdict of guilt on that count invalid.

For the purposes of this decision we need not determine whether the three year statute of limitation was applicable to the offense here charged[3] or whether prejudice might not, under any conceivable circumstances, result from compelling the accused to stand trial upon a number of counts, some of which are barred.[4] For we find here, as was held in Marzani v. United States, 83 U.S.App.D.C. 78, 168 F.2d 133, 138, affirmed by an equally divided court, 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431, that the error, if any, in permitting the first six counts to remain in the indictment and go to the jury was harmless. Cf. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557. Appellant concedes that the evidence relative to counts one to six was admissible for the limited purpose of tending to show appellant's knowledge and intent in committing the acts alleged in count eight, Nye & Nissen v. United States, 336 U.S. 613, 618, 69 S.Ct. 766, 93 L.Ed. 919; see 2 Wigmore, Evidence, 3d ed., 1940 §§ 302–304, but complains that the jury was not instructed as to such limited purpose for which the evidence was to be considered.

The record discloses that the jury was accurately and fully instructed that it was to consider evidence tending to show commission of acts similar to those charged in count eight for the limited purpose of ascertaining appellant's knowledge and in-

---

1. "It is hereby made a felony for any alien or other person, whether an applicant for naturalization or citizenship, or otherwise, and whether an employee of the Government of the United States or not —(1) Knowingly to make a false statement under oath, either orally or in writing, in any case, proceeding, or matter relating to, or under, or by virtue of any law of the United States relating to naturalization or citizenship." Since the date of the alleged offenses the section has been rephrased in Title 18 U.S.C.A. § 1015.

2. Counts seven, nine and ten were dismissed on the motion of the prosecution during the course of the trial.

3. United States v. Obermeier, 2 Cir., 186 F.2d 243, certiorari denied 340 U.S. 951, 71 S.Ct. 573, 95 L.Ed. 685, is authority for holding counts one to six barred. Contra, United States v. Bridges, D.C. N.D.Cal., 86 F.Supp. 922.

4. For a case somewhat similar, in which the court made no such inquiry, see Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489.

tent.[5] In view of the adequacy of the instructions, we cannot believe that appellant was prejudiced by the receipt of the evidence as to the acts listed in the first six counts.

■ Another persuasive factor demonstrating the lack of prejudice to appellant by reason of the admission of testimony relative to counts one to six is that, unlike the situation in Marzani, supra, appellant was found innocent as to the allegedly barred counts. The reasonable inference is that the jury disbelieved testimony adduced to prove the crimes charged in those counts. Cf. Culjak v. United States, 9 Cir., 53 F.2d 554, 556; Brown v. United States, 7 Cir., 22 F.2d 293. Appellant asserts that acquittal as to the first six counts was inconsistent with the verdict of guilty as to count eight, and demonstrates that the verdict was the consequence of a compromise compelled by evidence erroneously admitted. We discover no logical inconsistency in a verdict which in effect finds that on a specified date appellant made a false statement

under oath and that on other and different occasions he did not. Moreover, it is well settled that an inconsistent verdict does not constitute reversible error. Langford v. United States, 9 Cir., 178 F.2d 48, certiorari denied 339 U.S. 938, 70 S.Ct. 669, 94 L.Ed. 1355; Dunn v. United States, 284 U.S. 390.[6]

■ Appellant's other contention is that the statutory crime of which he has been convicted is analogous to the crime of perjury, 18 U.S.C.A. § 1621; that the unique evidentiary rule that perjury must be proved by the testimony of two witnesses or one witness plus corroborating evidence is applicable, and that this standard of proof was not met. We may assume, without deciding, that such a rule is applicable to the crime here charged[7] and that the scope of the rule embraces not merely the falsity of the statement, but also the fact that the alleged false statement was made,[8] for we hold there was evidence corroborating the testimony of one witness that appellant *made* the statement which he admits, if it

5. The jury was instructed: "Each count set forth in the indictment charges a separate and distinct offense. You must consider the evidence applicable to each alleged offense as though it were the only accusation before you for consideration, and you must state your finding as to each count in a separate verdict, uninfluenced by the mere fact that your verdict as to any other count or counts is in favor of, or against, the defendant. * * * Evidence showing that on occasions other than those mentioned in one count in the indictment, the defendant committed acts similar to those charged against him in that count may be considered for such bearing, if any, as you may find it to have on issues relating to defendant's state of mind, that is, on the question of knowledge and intent, in connection with the specific alleged crime for which he is here on trial in that count. Other than this, evidence of the commission of other similar offenses may not be considered by you and is not pertinent in determining the guilt or innocence of the defendant as to the charge in any particular count.
"Each count set forth in the indictment charges a separate and distinct offense. During the trial evidence has been admitted which pertains only to certain counts in the indictment and not to all counts. You are instructed that such evidence is not to be considered in connection with any of the other counts of the indictment in determining the guilt or innocence of the defendant. Such evidence is to be considered in your deliberation for the limited purpose for which it was admitted."

6. See "Judge and Jury—Inconsistent Verdicts in Federal Courts," 63 Harv.L.Rev. 649.

7. The jury was so instructed. Appellee urges that the crime here charged is analogous to the crime defined by the "False Statement Act", 18 U.S.C.A. § 1001, the violation of which it has been held need not be proved by the standards of the "two witness" rule. Todorow v. United States, 9 Cir., 173 F.2d 439. Cf. Catrino v. United States, 9 Cir., 176 F.2d 884, holding the "two witness rule" to be inapplicable in a prosecution for alleged violation of 18 U.S.C.A. § 241 [now § 1503], the "Obstruction of Justice" statute.

8. Appellee asserts that the scope of the rule is limited to proof of the falsity of the statement and that proof that the statement was made need only be proof beyond a reasonable doubt, as in most other crimes.

were made, was false. Witness Boland testified that appellant, as charged in the indictment, stated as a witness in the naturalization proceeding of one Puragganan that he had seen the petitioner Puragganan "monthly, at least" during the period between December 1, 1942 and December 1, 1946. Clearly corroborative of this testimony that appellant *made* the statement is the notation on the "Petition for Naturalization" form executed by witness Boland as Naturalization Examiner. This written notation is that "Witness (1)", who the evidence clearly established to be appellant, stated he had "Since 12/1/42—seen [the petitioner Puragganan] monthly to 1945 then daily". The jury was correctly instructed that the corroborative evidence must be "evidence of itself [which] tends to show that the defendant is guilty as charged." Cf. McWhorter v. United States, 5 Cir., 193 F.2d 982, 985. It is evident that "this corroboration of the testimony of [the] single witness [is] such that it supplies independent proof of facts inconsistent with the innocence of the accused," United States v. Hiss, 2 Cir., 185 F.2d 822, 824, and that it was properly submitted to the jury whose function was to consider its trustworthiness. Weiler v. United States, 323 U.S. 606, 610, 65 S.Ct. 548, 89 L.Ed. 495; see 7 Wigmore, Evidence, 3d ed. 1940, § 2042(c).

Judgment affirmed.