Sam **BLASSINGAME**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15430.

United States Court of Appeals
Ninth Circuit.

April 15, 1958.

Benjamin M. Davis, James W. Funsten, San Francisco, Cal., for appellant.

Charles P. Moriarty, U. S. Atty., Jeremiah M. Long, Asst. U. S. Atty., Seattle, Wash., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BONE, POPE and HAMLEY, Circuit Judges.

BONE, Circuit Judge.

Appellant appeals from his conviction on two counts of a four count indictment charging violation of the Federal Narcotic Laws, 21 U.S.C.A. § 174, 26 U.S.C.A. § 4704(a), and 26 U.S.C.A. § 4705 (a).

Counts I and II of the indictment charged appellant with the knowing, willful and unlawful concealment and sale of a certain quantity of narcotic drugs (heroin hydrochloride) on or about May

29, 1956 at Seattle, Washington. Upon these two counts appellant was found not guilty by the jury.

Count III of the indictment charged "That on or about June 19, 1956 at Seattle * * * [appellant] did knowingly, willfully and unlawfully receive and conceal a quantity of narcotic drugs, to wit, * * * heroin hydrochloride, knowing the said heroin hydrochloride to have been imported contrary to law." Count IV charged "That on or about June 19, 1956, at Seattle, * * * [appellant] did knowingly, willfully and unlawfully dispense and distribute a quantity of narcotic drugs, to wit, * * * heroin hydrochloride, said heroin hydrochloride being neither in nor from the original stamped package and not bearing appropriate tax paid revenue stamps." The jury found appellant guilty as charged on Counts III and IV, and he was sentenced to imprisonment for a period of five years on each of these counts. He was also fined $2,000 on each of Counts III and IV. The prison sentences were ordered to run consecutively.

Appellant seeks reversal of the conviction because of numerous alleged errors by the trial court and misconduct by the United States Attorney in relation to the testimony of one Johnny Clark, and because of an alleged insufficiency of the evidence to support the conviction.

■ We do not find it necessary to discuss each of the alleged errors arising from the testimony of Johnny Clark because that testimony, in its entirety, related to an incident allegedly occurring on May 29 which was set forth in and related to Counts I and II of the indictment. The jury found appellant not guilty of the charges in these two counts.

It has long been the view of this Court and other courts that error committed as to one count of a multi-count indictment does not require the reversal of a conviction under other counts of that indictment. This was made plain in Farris v. United States, 9 Cir., 24 F.2d 639, at page 640, certiorari denied 277 U.S. 607, 48 S.Ct. 602, 72 L.Ed. 1012, where this Court said:

"Generally speaking, an error committed on the trial as to one count of an indictment or information will not necessitate a reversal as to other counts, even though the error consists in the admission of improper testimony. * * * Doubtless testimony admitted in support of one count *may* be so prejudicial in its effect as to necessitate a complete reversal as to all counts; * * * *"* (Emphasis added, Citations omitted.)

■ It has also long been the general rule that testimony related wholly to charges on which there was an acquittal, is not harmful even if it was improperly admitted at trial. Stockman v. United States, 9 Cir., 8 F.2d 211.[1]

Here the acquittal on the first two counts indicates without doubt that the questioned testimony of Clark, if it had any testimonial value, was repudiated by the jury. If any possible prejudice to appellant was reflected in Clark's testimony, it must have backfired against the prosecution. In the circumstances revealed by the record we must conclude that the Clark incident does not require reversal of the judgment on Counts III and IV.

■ Appellant's only specification of error (not in some way dependent upon the evidence presented in support of Counts I and II) is "that it was error to submit Counts III and IV to the jury in that reasonable minds would find that there could be another hypothesis of the testimony adduced which would exclude guilt of the defendant."

Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, pro-

1. See also: Miranda v. United States, 9 Cir., 196 F.2d 408, certiorari denied 344 U.S. 842, 73 S.Ct. 55, 97 L.Ed. 655; Thomas v. United States, 93 U.S.App. D.C. 392, 211 F.2d 45, certiorari denied 347 U.S. 969, 74 S.Ct. 780, 98 L.Ed. 1110; Culjak v. United States, 9 Cir., 53 F.2d 554, 82 A.L.R. 480.

vides a standard for reviewing the sufficiency of evidence in a criminal prosecution:

> "It is not for us to weigh the evidence or to determine the credibility of witnesses. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."

From a review of the record we must and do conclude that the evidence in support of the Government's case on the last two counts was substantial, and sustains the jury's verdict on these Counts. From this evidence dealing with these Counts the jury could properly conclude that appellant was guilty beyond a reasonable doubt.

The judgment is affirmed.