**Arthur J. WATSON, Appellant,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.**

**No. 8398.**

United States Court of Appeals
Tenth Circuit.

March 25, 1966.

Albert B. Wolf, Denver, Colo., for appellant.

John P. Moore, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

HILL, Circuit Judge.

Appellant, an inmate of the Colorado State Penitentiary serving a life sentence for the crime of murder, appeals from an adverse decision of the court below which denied his petition for a writ of habeas corpus.

In his original pro se petition, Watson asserted three grounds of error committed by the state trial court. First, he contended that he was denied due process when the court failed to appoint sufficient expert witnesses to aid in his defense, second, that he was denied access to statements made by eye witnesses to the crime which he desired for impeachment purposes, and third, that the trial court erroneously admitted evidence relating to a separate and distinct crime of auto theft which prejudiced the jury. All of these contentions have previously been presented to the Colorado Supreme Court in Watson's direct appeal.[1] Hence, no question of exhaustion of state remedies is involved.

1. Watson v. People, Colo., 394 P.2d 737 (1964).

■ Of the three issues raised by Watson in his petition and decided adversely to appellant where state remedies had been exhausted, only one is urged here on appeal for reversal. It relates to the state trial court's refusal to appoint sufficient experts to aid Watson in his trial. In this regard, appellant's petition discloses that he requested the trial court to appoint the following to aid in his defense: A psychiatrist, a private investigator and ballistic experts equal to those used by the state. The court did appoint one qualified ballistic expert to assist the appointed defense counsel but refused to appoint any others. It appears that the state used three ballistic experts at the trial. Appellant concedes that he has found no cases directly holding that the appointment of experts is a constitutional requisite; nor has our search revealed any such cases. We agree with the court below on this matter. "Fundamental fairness" is the test of due process, Silva v. Cox, 10th Cir., 351 F.2d 61, and we see nothing so unfair here as to raise a federal constitutional issue.

After the pro se petition was filed, the court below appointed counsel for Watson and in a traverse to the respondent's show cause answer, four additional grounds of error were alleged. These four latter errors asserted appellant was deprived of counsel in his state court appeal, that he was denied the right to represent himself in his state court trial, that the state trial judge was biased, and finally that the trial court erroneously admitted into evidence an incriminating admission concerning the theft of two automobiles which occurred on the night of the murder and that the admission was made by appellant to police officers without having been advised of his right to counsel. Of these four new allegations, only the issue of

the trial judge's bias had been presented to the Colorado courts, supra, note 1. The issue of the admissibility of appellant's admission of auto theft during the murder trial has been presented to the Colorado Supreme Court but only upon a strict evidentiary question. It was not until the traverse that the contention was made that the admission of auto theft should not have been received in evidence because elicited from appellant before he was advised of his right to counsel.

■ The trial court recognized that three of the errors asserted in the traverse had not been previously presented to the state courts, but chose to consider all the issues raised rather than consider the contentions in a piece meal basis. We recognize the dilemma presented to a federal court in a habeas corpus proceeding where a state prisoner asserts a multitude of errors only some of which have been previously presented to the state courts. Yet, we are bound to the rule which requires a state prisoner to exhaust his state remedies where adequate, effective and available before seeking relief from the federal courts.[2] Rule 35(b) of the Colorado Rules of Criminal Procedure is available to the appellant in Colorado to test the issues not previously presented to the state courts. That remedy has not been exhausted and there is no showing that it is inadequate.

■ Therefore, we must conclude that the trial court improperly proceeded to hear and determine the three new issues raised by appellant in his traverse. The trial court's order denying the writ will not be disturbed but appellant is not precluded from pursuing his presently available Colorado state court remedies for a determination of these new issues.

Affirmed.

2. 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Patterson v. Hampton, 10 Cir., 355 F.2d 470;

Barber v. Page, 10 Cir., 355 F.2d 171; Burns v. Crouse, 10 Cir., 353 F.2d 489.