James Harold **MELTON**, Jr., Petitioner,

v.

Wayne K. **PATTERSON**, Warden, Colorado State Penitentiary, the People of the State of Colorado, Respondents.

Civ. A. No. C-2009.

United States District Court,
D. Colorado.

June 19, 1970.

---

Holland & Hart, by Edwin S. Kahn, Denver, Colo., for petitioner.

Duke W. Dunbar, Atty. Gen. of State of Colorado, and Michael T. Haley, Asst. Atty. Gen., Denver, Colo., for respondents.

## MEMORANDUM OPINION AND ORDER

WILLIAM E. DOYLE, District Judge.

The petitioner seeks release from confinement in the Colorado State Penitentiary in Canon City, Colorado, alleging that his constitutional rights have been violated in connection with his conviction in the year 1948 for second degree murder following the shooting of his sister. Because of the apparent seriousness of the claims and the uncertainty as to the facts, we appointed very competent counsel and held an evidentiary hearing.

We must say at the outset that of the several points which are here presented by the petitioner, the only one which holds any promise is his contention that his plea of guilty was entered involuntarily due to the fact that he was, at the time, of tender years and did not have the benefit of any protection of counseling from parent or attorney. This specific matter has not been presented to either the trial court or the

Supreme Court of the State of Colorado. Hence, we are powerless to consider it. Our Circuit Court has ruled in very clear terms that we must not entertain questions which are presented here for the first time. *See, e. g.,* Watson v. Patterson, 358 F.2d 297 (10th Cir. 1966).

We are not to be understood as ruling or even indicating that there is merit in the petitioner's contention. However, we note that it is an arguable question at least under the decision of the Supreme Court in Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209, 8 L.Ed.2d 325 (1962). The contention that the plea of guilty was induced by a coerced confession is less impressive in view of the recent decisions of the Supreme Court in Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970), and McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

In 1964 the petitioner filed a motion to vacate judgment and sentence in the District Court for the County of Bent. This was pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure. In this petition it was alleged that:

1.  He had been denied effective assistance of counsel because the record showed that his counsel had stated that he had not been employed to clear the petitioner and that his duty was to the state first and the petitioner later;

2.  His confession had been coerced and was introduced into evidence at the trial in violation of the 14th Amendment to the United States Constitution;

3.  He was denied a fair and impartial trial in that his attorney had not voir dired the jury and the jury foreman had participated in the investigation of the case.

The District Court considered the trial record, together with affidavits submitted by the petitioner and the respondents, and denied the petition.

A review was then sought by writ of error in the Supreme Court of Colorado. The Supreme Court entertained the case, but affirmed the decision of the District Court, holding that the petitioner's claims of inadequate representation, the lack of a fair jury trial, plus the unconstitutional use of an involuntary confession all lacked merit. The Colorado Supreme Court reasoned that, even assuming the truth of the allegations, nevertheless, the petitioner was given the benefit of the lesser of two charges submitted to the jury and hence was not prejudiced. *See* Melton v. People, 157 Colo. 169, 401 P.2d 605 (1965), cert. denied, 382 U.S. 1014, 86 S.Ct. 624, 15 L. Ed.2d 528 (1966).

The underlying facts bearing on this most tragic incident are as follows:

On December 15, 1947, the petitioner, who was then 12 years of age, lived with his father and sister in the family home in the town of Las Animas, Colorado. On that day petitioner's sister was shot to death. Petitioner and his father, who had been at work, were questioned at the home as to what had occurred. Petitioner told the police that when he returned from school around 4:30 p.m. he found two men in his house. These men grabbed him and held him captive in the bedroom until his sister came home. He further stated that one of the men knocked him out, although he had a vague recollection of a shot being fired.

About 9:00 p.m., petitioner and his father were taken to police headquarters for further interrogation and, according to petitioner, he was placed alone in what he describes as a "large unheated room"[1] while the police questioned his father. About 10:30 petitioner was taken to an office and questioned by several officers. When he persisted in his earlier story for about an hour, Sheriff Fridenberger of Otero County[2] was

---

1.  Respondent claims that the room was in fact the City Council Meeting Room and was not unheated.

2.  Although the killing occurred in Bent County, Sheriff Fridenberger was called in because of his acknowledged skill in obtaining confessions.

asked to question petitioner alone. After about 20 minutes of questioning by Fridenberger, he confessed to the crime and signed a written statement to the effect that he shot his sister several times while she was sitting on the sofa looking at pictures. The next morning he was taken back to his home and, upon request of law enforcement officers, reenacted the crime.

It was only after petitioner made the above described confession that his father, along with the father's employer, arranged for counsel to represent him. On December 20, 1947, a charge of murder was filed at the first arraignment, and on advice of counsel he entered a plea of not guilty by reason of insanity. After an examination at the Colorado Psychopathic Hospital, petitioner, upon the advice of his counsel, withdrew his former plea and pled guilty.

At the time in question, the Colorado statutes provided that if one indicted for murder pled guilty, the judge was required to impanel a jury to hear the evidence and determine whether the killing was murder of the first or second degree. C.S.A.1935, Ch. 48, § 32. A jury was impaneled, the foreman of which had played some part in the investigation of the crime in question. Petitioner's attorney did not voir dire the jury and did not challenge the voluntariness of petitioner's confession. No witnesses were produced on behalf of the petitioner and cross-examination of state's witnesses was carried out in a cursory manner. The jury found petitioner guilty of murder in the second degree and petitioner was sentenced to Canon City for a term of 12 years to life. No appeal was taken from this conviction.

Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is based upon the same grounds as those raised in the state courts, plus the following additional bases:

1. The record does not affirmatively show that the trial judge independently determined petitioner's competency to stand trial.

2. The record does not affirmatively show that the trial judge independently determined that petitioner's guilty plea was voluntary or that he advised petitioner of the consequences of a guilty plea.

3. Petitioner's confession was coerced and the guilty plea, which was induced by the confession, is therefore tainted and thus invalid.

4. Petitioner's guilty plea was in fact involuntary and made without an understanding of the consequences.

5. The record shows that the court failed to examine witnesses in mitigation.

■ We first consider those points raised by petitioner which have previously been ruled upon by the state courts. First, petitioner claims that his confession was coerced, relying primarily upon Gallegos v. Colorado, 370 U.S. 49, 82 S.Ct. 1209 (1962). Since the trial in question antedates Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966), the test as to the constitutional validity of the confession must depend on whether, under all the circumstances, it can be said to be voluntary. Johnson v. New Jersey, 384 U. S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); Oaks v. Patterson, 278 F.Supp. 703 (D.Colo.), aff'd, 400 F.2d 392 (10th Cir. 1968). Some of the factors which must be considered in determining voluntariness are the age of the accused, Gallegos v. Colorado, 370 U.S. 49, 82 S. Ct. 1209 (1962); the educational background and emotional state of the accused, Fikes v. Alabama, 352 U.S. 191, 77 S.Ct. 281, 1 L.Ed.2d 246 (1957); the length of questioning, Turner v. Pennsylvania, 338 U.S. 62, 69 S.Ct. 1352, 93 L.Ed. 1810 (1949); and whether the accused was warned of his rights, Haynes v. Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963).

· Based upon the principles set forth in the foregoing cases, we have grave doubts that Melton's confession could be considered voluntary. Although he was

not subjected to protracted questioning, his tender age, along with the absence of mature counsel on his behalf at the time of questioning, left him vulnerable to the coercive pressures created by interrogation by one with a reputation for extorting confessions.[3]

However, before petitioner can receive any aid from this Court, he must show not only that his confession was coerced, but also that the introduction of such a coerced confession produced substantial prejudice. Where the accused pleads not guilty and is convicted by a jury after his coerced confession is introduced into evidence, the confession is almost always prejudicial. However, we are not presented with such a situation here. Under the applicable Colorado statute, after a plea of guilty to murder, a trial is held solely for the purpose of determining whether the accused is guilty of murder in the first or second degree. In the present case, petitioner was found guilty of murder in the second degree, despite the introduction of his confession. He thus received the most favorable possible verdict under the statute.

■ Several cases have held that the introduction of constitutionally inadmissible evidence is nonprejudicial where the accused is acquitted of the charge to which the evidence pertains. United States v. Williams, 384 F.2d 488 (2d Cir. 1966); Blassingame v. United States, 254 F.2d 309 (9th Cir. 1958). The rationale of these cases is applicable to the case at bar. We conclude that the introduction into evidence of Melton's coerced confession at the abbreviated trial was nonprejudicial.

■ The second contention which petitioner raised in the state courts was that he was not adequately represented by counsel because of certain statements counsel made during the abbreviated trial. Furthermore, petitioner raised and the Supreme Court of Colorado disposed of allegations that his counsel failed to voir dire the jury, object to the admission of petitioner's confession, and present evidence in mitigation. Where the accused is represented by counsel during the course of a trial, the constitutional test of whether the accused is adequately represented is extremely narrow. As stated by the Court of Appeals for the Tenth Circuit, no less than a showing of "bad faith, sham, or farcical representation" will suffice to support a claim of inadequate representation. Keller v. Tinsley, 335 F.2d 114 (10th Cir.), cert. denied, 379 U.S. 938, 85 S.Ct. 342, 13 L.Ed.2d 348 (1964). See also Abel v. Tinsley, 213 F.Supp. 784 (D. Colo.1962), aff'd, 314 F.2d 342 (10th Cir.), cert. denied, 375 U.S. 851, 84 S.Ct. 108, 11 L.Ed.2d 78 (1963).

■ The evidence before us fails to reveal the type of gross inadequacy of representation required by the above cases. Although certain tactics of petitioner's attorney may be questioned in the abstract, the results of his attorney's efforts at the abbreviated trial were completely favorable, in that petitioner received the lesser of the two possible verdicts which the jury was authorized to return.

■ Finally, petitioner contends that he was denied a trial by an impartial jury because the foreman of the jury took part in the investigation of the crime. Again, as the Colorado Supreme Court noted, no prejudice could have resulted from this fact, since petitioner received the most favorable verdict possible.

As stated above, we express no opinion as to the validity or invalidity of petitioner's claims arising out of his guilty plea. These must first be presented and considered by the state courts before we have the authority to pass upon them pursuant to 28 U.S.C. § 2254.

For the foregoing reasons, the petition for writ of habeas corpus should be and the same is hereby denied.

3. It is true that petitioner's father was present during part of the time when the interrogation was being conducted. However, he was not present at the time the confession was obtained. Furthermore, it is questionable whether the father could be said to have acted purely with his son's interests in mind under the circumstances.