James Harold MELTON, Jr., Appellant,

v.

Wayne K. PATTERSON, Warden, Colorado State Penitentiary, the People of the State of Colorado, Respondent.

No. 451–70.

United States Court of Appeals,
Tenth Circuit.

July 21, 1971.

Edwin S. Kahn, Denver, Colo., for appellant.

Richard G. McManus, Jr., Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., and Michael T. Haley, Asst. Atty. Gen., Denver, Colo., with him on the brief), for appellee.

Before JONES * and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

BRATTON, District Judge.

Two questions are presented for decision on this appeal by Petitioner James Harold Melton, Jr., from the denial of his petition for a writ of habeas corpus. The first question is whether the court below, 313 F.Supp. 1287, erred in holding: (1) that the counsel in Petitioner's murder trial was not inadequate, and (2) that the submission to the jury of the confession, whether or not involuntary, resulted in no prejudice to Melton. The second question presented is whether it was error to dismiss for failure to exhaust state remedies Petitioner's claims relating to the knowing entry of a guilty plea and his competency to stand trial.

For the reasons set forth below, it is concluded that both questions must be answered in the negative.

The present action is an attack upon Petitioner's 1948 conviction of second degree murder.

In the late afternoon on December 15, 1947, Melton, who was then twelve years of age, went to his father's place of work and reported to him that two men had been waiting in the family home in Las Animas, Colorado, when he arrived from school and that the men had knocked him unconscious and taken his sixteen-year-old sister away. Authori-

* Of the Fifth Circuit, sitting by designation.

ties were notified, and an investigation was begun.

In the course of the investigation, a pool of blood was found in the Melton's living room, and a further search of the premises revealed the girl's body to be in the basement.

At approximately 9:00 P.M., Melton and his father were taken to police headquarters where they were separately questioned. Melton was questioned without the presence of counsel or his father by local police officials.

Apparently suspicious because of discrepancies in the boy's story, the local sheriff sent to the adjoining county for its sheriff, who was noted for his ability to obtain confessions.

When this man arrived, he interviewed Melton alone for fifteen minutes, and Melton confessed to having shot his sister and hidden the body in the basement.

Melton's oral statement was subsequently reduced to writing by the assistant district attorney to whom he repeated it, and the following morning he accompanied officers to the family home where he re-enacted the crime for them.

The attorney for the employer of the boy's father was then asked by his client to represent Melton, and he agreed to do so.

After conferring with Melton and with the District Attorney's office, he entered for Melton a plea of not guilty by reason of insanity so that Melton could, under the Colorado statutes, be given a psychiatric examination. There was also a possibility, as a result of such an examination, that Melton could be admitted to Boys Town.

Melton was sent to Denver for an extended examination period and was found to be sane, and, after the report was submitted to Boys Town, his acceptance there was declined.

Melton's attorney conferred further with the District Attorney, and it was agreed that a plea of guilty to second degree murder would not be opposed by the District Attorney. He advised Mel-

ton to enter such a plea, and it was subsequently entered, apparently without any questioning by the court as to whether it was knowing and voluntary.

Under the applicable Colorado statutes, a jury had to be impaneled in cases where a guilty plea had been entered to hear and decide whether the crime was first or second degree murder. Upon Melton's trial, his confession and his re-enactment of the crime were introduced, and the jury subsequently returned a verdict of guilty to second degree murder. Melton's attorney offered no defense evidence and testified at the hearing that Melton had never told him of any of the circumstances surrounding the event so that any evidence in mitigation could be offered.

No appeal was taken from his conviction, but, in 1964, Melton filed a post-conviction motion under Rule 35(b) of the Colorado Rules of Criminal Procedure. The petition alleged in part that his trial counsel was incompetent and that the confession used against him at trial was involuntary.

The trial court denied the motion without appointing counsel and without conducting a hearing. On appeal, the Colorado Supreme Court affirmed, Melton v. People, 157 Colo. 169, 401 P.2d 605 (1965), finding in part that Melton's allegations relating to counsel's effectiveness and the involuntary confession were either disproved or nonprejudicial because of the fact that the jury returned the lesser of the two possible verdicts submitted to it.

Melton then filed in federal district court the present petition for a writ of habeas corpus. In it he alleged the grounds raised in the state post-conviction proceedings and further set forth the charges that his guilty plea had not been entered knowingly and intelligently and that the trial court had failed to independently determine his competency to stand trial.

Counsel was appointed and a full evidentiary hearing was conducted to establish the facts recited above.

■ A review of the record substantiates the court's finding that Melton's trial counsel was not incompetent within the test of Keller v. Tinsley, 335 F.2d 144 (10th Cir.), cert. denied 379 U.S. 938, 85 S.Ct. 342, 13 L.Ed.2d 348 (1964). The court below properly found that the representation afforded him was not in bad faith, farcical, or a sham, inasmuch as the attorney's efforts did result in the return of the lesser of the two verdicts the jury was authorized to return.

■ The court also properly concluded that, while the voluntariness of the confession was dubious under the circumstances of the case, the submission of it to the jury was shown not to have been prejudicial by the jury's action in returning the lesser of the two authorized verdicts. By so holding the trial court did not decide, nor do we, whether evidence as to the voluntariness of the confession might be deemed probative and admissible if offered with relation to other issues.[1]

■ As indicated above, Melton also asked the federal court to pass upon claims he had not yet presented to the state court. It declined to do so on the basis that it lacked such authority under 28 U.S.C. § 2254 until these matters had been presented to the state court.

The claim that it erred in so doing is premised upon the fact that Melton had no counsel in the state post-conviction proceedings which, together with the fact that there was a full federal hearing below, is said to overcome the necessity for exhaustion. It is further argued that Westendorf v. People, 464 P.2d 866 (Colo.1970), makes it unnecessary to remit the case to the state court, inasmuch as the decision in *Westendorf* is alleged to clearly show that the Colorado Supreme Court would reverse the present conviction for the failure of the

trial transcript to affirmatively show that the trial court ascertained that Melton's guilty plea was knowingly and voluntarily entered.

These arguments do not require that the available state remedy be bypassed. Respondent has stated on this appeal that he will not oppose the filing of a Rule 35(b) motion in the state court to test Melton's allegations concerning the plea and competency to stand trial and that a public defender is available to represent Melton. There has been no showing by Melton that the state court would not pass upon these claims if he were to present them.

The dismissal of these claims by the court below comports with the general federal rule and the rule of this circuit that state remedies cannot be bypassed by the seeking of habeas corpus relief in the federal court. Terry v. Patterson, 372 F.2d 480 (10th Cir. 1967); Watson v. Patterson, 358 F.2d 297 (10th Cir. 1966).

Affirmed.

---

1. We express no view on the admissibility of such proof on the voluntariness of the plea or other such matters that the state courts may have presented to them. In line with the ruling of the trial court, with which we agree, we deal only with the lack of prejudice in submission of the confession to the jury, and neither the trial court nor we have passed on other allegedly prejudicial effects of the confession on sentencing or otherwise.