James Walter CHERRY, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 74–3234

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1975.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

James H. Randals, Staff Counsel for Inmates, Route 3, Ellis Unit, Huntsville, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Ben M. Harrison, Mark Perlmutter, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

This habeas case presents the question of the extent to which the State must provide expert witnesses for indigent criminal defendants. James Walter Cherry, the petitioner, is serving a life sentence for murder of a law enforcement officer in Dallas, Texas. In his petition for habeas relief, he contended that he was denied a fair trial because the Dallas County Commissioners' Court refused to pay the expenses that would be incurred in obtaining the testimony of an independent ballistics expert on his behalf. The district court rejected this and other contentions, and denied habeas relief.

The magistrate's report and recommendations and the order of the district court adopting them show that the state court record was not consulted by the magistrate or the district court. Instead, they appeared to rely only upon the habeas pleadings and the opinion of the Texas Court of Criminal Appeals, Cherry v. State, 1972, 488 S.W.2d 744. On that basis, the magistrate found (1) that the error in not providing an independent ballistics expert to testify for the defendant, if error at all, was harmless in the absence of a showing that such an expert would have testified differently from the experts appearing for the prosecution, and (2) that, even if there were a state statutory or a constitutional right to such assistance, it was waived by the defendant's counsel at trial.

These conclusions should not have been drawn without an independent examination of the entire state court record. The judgment of the district court is therefore vacated, and the cause remanded with instructions that the contentions regarding the denial of assistance of an independent ballistics expert be reconsidered in light of an examination of the state court record.

Vacated and remanded, with instructions.