Charles William **HOBACK,**
Petitioner-Appellant,

v.

**STATE OF ALABAMA,**
Respondent-Appellee.

No. 78–3712.

United States Court of Appeals,
Fifth Circuit.

Nov. 28, 1979.

Ira DeMent, Montgomery, Ala., for petitioner-appellant.

Elizabeth E. Evans Campbell, David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before AINSWORTH, VANCE and ANDERSON, Circuit Judges.

R. Lanier ANDERSON, III, Circuit Judge.

Appellant, Charles William Hoback, was convicted by a jury of murder in the Circuit Court of Jackson County, Alabama, and was sentenced to life imprisonment. He brought his petition for habeas corpus in the district court, alleging that he was denied due process and equal protection of the laws because of (1) the state court's refusal to grant a requested continuance, and (2) the state court's refusal to provide him investigators and expert witnesses. The district court dismissed the petition. Appellant brings this appeal.

The issues raised in this habeas corpus petition were also raised by appellant in the Alabama courts in his direct appeal from his conviction. Therefore, there is no question of exhaustion of state remedies.

The evidence presented at appellant's trial can be stated briefly. In the late afternoon of the night of the murder, appellant Hoback, Dorothy Holtzclaw, Jimmy Fred White (whom appellant is accused of murdering) and Prince Waldrop were seen driving together in an old model Chevrolet station wagon. Appellant was driving, Dorothy Holtzclaw was sitting in the front seat, and the other two were sitting in the rear seat. Paul Fox, the proprietor of a package store located about 8 miles from the scene of the murder, testified that all four were in his store about 7 p.m. that evening, and that appellant had a knife in his hand which he displayed by shaving hair from a part of his arm. Mr. Fox positively identified this knife at the trial, which is the same knife that was found at the scene of the murder. All four had been drinking alcoholic beverages during the afternoon and night preceding the killing, and were observed to be highly intoxicated. At about 10 o'clock that night, appellant came to the house of John Will Holder, who lived about a mile and a half from the scene of the crime. Appellant had no shirt nor shoes, and had blood on his stomach. Appellant told Holder that he thought he had cut two men. At the murder scene the dead bodies of Jimmy Fred White and Prince Waldrop were found

in the front seat of the old station wagon, the throat of each having been cut with a knife. A man's shoe, which appellant himself later identified as his, was found on the pavement near the open door of the station wagon. His other shoe and the knife were found in some honeysuckle vines near the station wagon and a few feet from two pools of blood. The only evidence which the defense produced was the testimony of the ambulance driver who drove to the murder scene to transport the bodies. When he turned around about a quarter of a mile from the scene, he said he saw something that might have been a man. He reported this to the officers at the scene, who searched the entire area and could find nothing to indicate that a man had been there.

■ With respect to appellant's complaint that the State of Alabama failed to provide appellant, who was indigent, the services of an expert, we are confident that a case will arise in the future where due process and fundamental fairness will require a state to provide an indigent criminal defendant with expert assistance.[1] However, this is not such a case. It would not be appropriate to suggest the substance of a test which the court might develop when a proper case does arise. Whatever test might ultimately be developed, we hold today only that, under the facts of this case, the State of Alabama was not required to provide this indigent appellant with the services of expert witnesses.

Appellant's strongest argument is that a fingerprint expert might have found fingerprints of someone other than appellant on the knife, which was the apparent murder weapon. However, even if an expert had examined the knife and found fingerprints of someone other than appellant, we do not believe a reasonable doubt would have been induced in the minds of enough jurors to avoid conviction,[2] in light of the evidence on the record as a whole, including the assumption that the expert would have found on the knife fingerprints other than appellant's.

The uncontradicted evidence was that the knife which was found at the murder scene belonged to appellant, that he was seen with the victim shortly before the crime, that his shoes were found at the scene of

1. Thus far, examination by a psychiatrist is the only kind of expert assistance this Court has had occasion to require states to provide for indigents. *Bush v. McCollum,* 231 F.Supp. 560 (N.D.Tex.1964), *aff'd McCollum v. Bush,* 344 F.2d 672 (5th Cir. 1965); *Pedero v. Wainwright,* 590 F.2d 1383, 1391–92 (5th Cir. 1979) (state's refusal to order psychiatric examination did not violate the due process principles announced in *Bush* since defendant's sanity was not seriously in issue). However, we have remanded a case, instructing the district court to reconsider, in light of the entire state record, an indigent defendant's contention that he was denied a fair trial due to the state's alleged refusal to provide him with the services of an independent ballistics expert. *Cherry v. Estelle,* 507 F.2d 242 (5th Cir. 1975). *See also, United States v. Pate,* 345 F.2d 691, 695 (7th Cir. 1965), *aff'd in part and remanded in part on other grounds* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) (denial of necessary psychiatric witness is effectually a suppression of evidence violating due process). *But see Watson v. Patterson,* 358 F.2d 297, 298 (10th Cir.) (per curiam), *cert. denied,* 385 U.S. 876, 87 S.Ct. 153, 17 L.Ed.2d 103 (1966) (state court's appointment of only one ballistic expert for defendant where state had three such experts and state court's refusal to appoint a defense psychiatrist and investigator did not here deny fundamental fairness). *See generally* Annot. 34 A.L.R.3d 1256.

2. *Cf.* Where a defendant has requested access to evidence, pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), this Court has said: "Fundamental fairness is violated when a criminal defendant . . . is denied the opportunity to have an expert of his choosing . . . examine a piece of critical evidence whose nature is subject to varying expert opinion . . . The evidence must be both 'critical' and 'subject' to carrying (sic) expert opinion . . . 'Critical evidence' is material evidence of substantial probative force that 'could induce a reasonable doubt in the minds of enough jurors to avoid conviction.'" *Gray v. Rowley,* 604 F.2d 382 (5th Cir. 1979), quoting from *Bernard v. Henderson,* 514 F.2d 744 (5th Cir. 1975), and *White v. Maggio,* 556 F.2d 1352 (5th Cir. 1977). We note that a district court has adopted a magistrate's conclusion that the principles stated in *Bernard v. Henderson* apply to an indigent defendant's request for expert witness assistance. *Cherry v. Estelle,* 424 F.Supp. 548, 555 (N.D. Tex.1976).

the crime, that appellant appeared without his shoes and with blood on his stomach at the Holder home shortly after the crime, and that appellant stated to Holder that he thought he had cut two men. Such evidence mandates the conclusion that a reasonable doubt would not have been induced in the minds of enough jurors to avoid conviction, even if we assume the most favorable possible testimony by an expert,[3] namely, a finding by the expert of fingerprints on the knife other than those of appellant.

■ With respect to appellant's complaint that the state court refused to provide investigative services for him, we agree with the district court that appellant in this case has not made a showing that even closely approaches a denial of effective assistance of counsel or a fundamentally fair trial. See *Mason v. Arizona*, 504 F.2d 1345 (9th Cir. 1974), *cert. den.*, 420 U.S. 936, 95 S.Ct. 1145, 43 L.Ed.2d 412 (1975).

■ With respect to appellant's complaint that the state court refused to grant his motion for continuance, we agree with the district court that the Alabama trial court did not abuse its discretion, and that appellant has made no showing that he has been denied the effective assistance of counsel. See *United States v. Uptain*, 531 F.2d 1281 (5th Cir. 1976).

AFFIRMED.

3. For purposes of this case, we have assumed the most favorable possible testimony by the expert whom appellant was denied, because even under this most favorable test, the appellant here was not entitled to the expert. However, we repeat that we expressly reserve judgment on exactly what showing an indigent defendant will be required to make in order to establish his entitlement to an expert under the fundamental fairness test.