UNITED STATES, Appellee,

v.

Ramon SANTANA–CAMACHO, Defendant, Appellant.

No. 90–1207.

United States Court of Appeals, First Circuit.

Heard April 2, 1991.

Decided May 2, 1991.

Frank D. Inserni, by appointment of the Court, Hato Rey, P.R., for defendant, appellant.

Jeanette Mercado–Rios, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., and Edwin O. Vazquez, Asst. U.S. Atty., were on brief, Hato Rey, P.R., for appellee.

Before BREYER, Chief Judge, TORRUELLA and CYR, Circuit Judges.

BREYER, Chief Judge.

A grand jury charged the appellant with illegally bringing Dominican citizen Amneris Magdalena Uribe Cornelio, into the United States (Count I), with illegally bringing Dominican citizen Edickson Sanchez Mejias into the United States (Count II), and with transporting an alien already, and illegally, within the United States (Count III). *See* 8 U.S.C. § 1324(a)(1)(A) & (B). After trial a jury convicted the appellant on the first two counts and acquitted him on Count III. He appeals his two convictions and his sentence.

Our reading of the record convinces us that appellant's three claims of trial error, in respect to his two convictions, lack merit. First, he argues that the trial court erred in refusing to admit into evidence testimony of his daughter, Damaris Santana, whose testimony, he says, showed his "reputation" in respect to his "character for truthfulness or untruthfulness." *See* Fed.R.Evid. 608(a). We can find nothing in that testimony, however, that refers to any reputation for truthfulness. Damaris simply talked about her father having sent her money when she lived in New York and

having lived with her when she was in Boston, facts that had nothing to do with the present case. Conceivably, appellant thought her testimony relevant as showing he was a kind person or a good family man. *See* Fed.R.Evid. 404(a). But, traits of character "pertinent" to the crime charged must be relevant. *See United States v. Angelini,* 678 F.2d 380, 381 (1st Cir.1982) (" 'pertinent' is read as synonymous with 'relevant' "); *United States v. Hewitt,* 634 F.2d 277, 279 (5th Cir.1981) (same). Here, evidence that appellant is kind or a good family man would not make any fact " 'of consequence to the determination' of the case [significantly] more or less probable than it would be without evidence of the trait." *Angelini,* 678 F.2d at 381; *see* Fed.R.Evid. 401. Therefore, the district court had more than sufficient discretionary power to strike the testimony as not worth (in terms of relevance) the potential confusion, or potential prejudice, that it might bring. *See* Fed.R.Evid. 403; *Michelson v. United States,* 335 U.S. 469, 480, 69 S.Ct. 213, 221, 93 L.Ed. 168 (1948) (rulings by trial courts on character evidence will be disturbed "rarely and only on clear showing of prejudicial abuse of discretion").

Second, appellant points out that the Government, in respect to Count I, claimed that he had brought alien Amneris Uribe into the United States, in his boat, on February 27, 1986, at Aguada, Puerto Rico. He argues that the court should have refused to permit Government counsel from saying, in his closing argument, that Amneris Uribe had testified she got off appellant's boat at Aguada because, in fact, she said that she had gotten off the boat at Aguadilla, a different town nearby. *See United States v. Carrasquillo–Plaza,* 873 F.2d 10, 13 (1st Cir.1989) ("When a prosecutor 'misstates facts ... in such a way as to prejudice a defendant, a new trial is required.' " (quoting *United States v. Pasarell,* 727 F.2d 13, 16 (1st Cir.), *cert. denied,* 469 U.S. 826, 105 S.Ct. 107, 83 L.Ed.2d 51 (1984))). The record reveals, however, that Amneris Uribe did say she arrived at Aguada; then, on cross-examination, she said Aguadilla; and, then, on redirect she said:

Well, the thing is since I'm not from here and I was recently arrived, well, Aguadilla and Aguada to me they are confusing. To me it's really to the—its just a person gets confused with Aguada and Aguadilla.

The Government counsel stated these facts accurately. He said that Amneris Uribe had said that she entered in Aguada; that defense counsel "tried to impeach her" on the ground "it was Aguadilla;" but she ended up saying the names confused her. Counsel then pointed to other evidence indicating the entry point was Aguada. We can find no significant misstatement, and no trial error.

■ Third, appellant argues that the Government presented so little evidence on Count III (the transportation within the United States) that the court should have directed a verdict in his favor. *See* Fed.R. Crim.P. 29. The short and conclusive answer to this argument is that the jury acquitted appellant on Count III, thereby rendering any potential error harmless. *See, e.g., United States v. Thomas,* 676 F.2d 239, 242–43 (7th Cir.1980), *cert. denied,* 449 U.S. 1091, 101 S.Ct. 887, 66 L.Ed.2d 820 (1981) (district court's failure to grant motion of acquittal on some counts until after jury returned verdict is harmless error); *United States v. Castro,* 476 F.2d 750, 752 (9th Cir.1973) (same); *cf. Blassingame v. United States,* 254 F.2d 309, 310 (9th Cir.1958) ("error committed as to one count of a multi-count indictment does not require the reversal of a conviction under other counts of that indictment"); 3A Wright, *Federal Practice and Procedure: Criminal 2d* § 854 at 314 (1982) ("If the error related only to a count on which the defendant was acquitted, the error cannot have affected the result and is harmless.").

■ Appellant also challenges the lawfulness of his sentencing. His claim rests upon the following statements in the Presentence Report ("PSI"):

An alien resident since 1973, Mr. Santana–Camacho traveled between the United States and the Dominican Republic frequently and often reentered the United

States without inspection, especially after learning that he was sought by USINS authorities on account of his alien smuggling activities.

According to USINS records, the defendant became a resident alien of the United States on March 5, 1973 under alien registration number A 30–952–133. As a result of his conviction on the instant offense and allegedly having entered the United States without inspection during September 1986, an Order to Show Cause was issued by the Immigration and Naturalization Service on October 31, 1989. As of this writing, a hearing date had yet to be set.

At the sentencing hearing appellant said that "this language that he re-entered without inspection often and frequently" was "inaccurate, and it should not be in this report," and "we request that it be stricken from the report." The court then said "overruled."

Appellant now points out that the Federal Rules of Criminal Procedure require a sentencing court, in the face of a challenge to the accuracy of a statement in the PSI, either to make

> (i) a finding as to the allegation, or (ii) a determination that no finding is necessary because the matter controverted will not be taken into account in sentencing.

*See* Fed.R.Crim.P. 32(c)(3)(D). The rule goes on to say that

> A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons.

*Id.* Appellant argues that the district court did not comply with either of these provisions.

We agree with appellant that the district court did not comply with these provisions, but its failures were technical and do not entitle appellant to resentencing. *See United States v. Levy*, 897 F.2d 596, 598–99 (1st Cir.1990) (failure to achieve "literal" compliance with Rule 32(c)(3)(D) does not automatically require resentencing). The district court judge did not specify, for example (as the Rule requires) whether she found the "allegation" about "entry without inspection" accurate or whether she decided not to take it into account. Nonetheless, it is clear to us that she meant one or the other; and, the record adequately supports *either,* as a matter of law. While the appellant did make a specific objection to the PSI, he failed to produce any evidence to rebut the claim that he "entered without inspection." *See United States v. Rodriguez,* 897 F.2d 1324, 1327–28 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 158, 112 L.Ed.2d 124 (1990) (where defendant did not present specific rebuttal evidence district court had discretion to adopt PSI's facts without more specific inquiry); *see also United States v. Bruckman,* 874 F.2d 57, 64–65 (1st Cir.1989) (permissible finding made as to factual dispute where defendant "presented no additional evidence at sentencing to support his objections"). Rather, the appellant merely told the district court that

> Mr. Santana is a valid holder of a resident alien card since 1973. That is confirmed by the immigration status paragraph. Now it seems to me that it is inaccurate, and it should not be in this report, this language that he re-entered without inspection often and frequently. That is not supported. And we request that it be stricken from the report.

Appellant does not now claim that a resident alien is legally free to re-enter the United States without inspection. *See* 8 U.S.C. § 1251(a)(1)(B) (alien who enters United States without inspection subject to deportation); *Laredo–Miranda v. Immigration & Naturalization Serv.,* 555 F.2d 1242 (5th Cir.1977) (resident alien who voluntarily left United States and re-entered without inspection is deportable). The district court could therefore legally accept the factual statement in the PSI by overruling the appellant's motion to strike. *See Bruckman,* 874 F.2d at 65 (by denial of motion to strike or correct "court impliedly found a sufficient evidentiary basis for the ... information included in the presentence report"). Alternatively, if the district court did not rely upon the statement in sentencing, appellant suffered no harm. Conse-

quently, resentencing is not appropriate. *See United States v. Bucci*, 839 F.2d 825, 834 (1st Cir.), *cert. denied*, 488 U.S. 844, 109 S.Ct. 117, 102 L.Ed.2d 91 (1988) (resentencing not required where court did not plainly rely on challenged information and information does not appear to have "significantly influenced" the "nature or length" of the sentence; remand to district court for appropriate findings); *United States v. Serino*, 835 F.2d 924, 932 (1st Cir.1987) (same).

■ The parties agree that the district court failed to comply with the second requirement of Rule 32(c)(3)(D), namely that it make a written record of its findings and attach it to the Presentence Report (where it could prove useful to appellant or to the Bureau of Prisons at a later time). *See United States v. Jimenez–Rivera*, 842 F.2d 545, 550–51 (1st Cir.), *cert. denied*, 487 U.S. 1223, 108 S.Ct. 2882, 101 L.Ed.2d 917 (1988). We have insisted upon literal compliance with this requirement. *See United States v. Geer*, 923 F.2d 892, 897 (1st Cir. 1991). And, as the Government agrees, we must remand this case for the limited purpose of preparing and attaching those findings. *See Bruckman*, 874 F.2d at 65–66.

The judgment of the district court is

*Affirmed. The case is remanded for the preparation of appropriate findings in respect to sentencing.*