USCA1 Opinion

 

 August 10, 1992 [NOT FOR PUBLICATION] ____________________ No. 91-2297 UNITED STATES, Appellee, v. RAMON SANTANO CAMACHO, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Ramon Santana Camacho on brief pro se. _____________________ Daniel F. Lopez Romo, United States Attorney, and Edwin O. ______________________ _________ Vazquez, Assistant United States Attorney, on brief for appellee. _______ ____________________ ____________________ Per Curiam. Following his conviction on two counts of __________ bringing an illegal alien into the United States, in violation of 8 U.S.C. 1324(a)(1)(A), defendant Ramon Santana-Camacho was sentenced to two consecutive terms of five years in prison. He also received fines totalling $250,000. As the offenses occurred in 1986, those fines were imposed pursuant to former 18 U.S.C. 3623(a) (repealed as of November 1, 1987). See United States v. Wilfred American ___ _____________ ________________ Educ. Corp., 953 F.2d 717, 719 n.1 (1st Cir. 1992) (reciting ____________ statutory history). His conviction was affirmed on appeal. United States v. Santana-Camacho, 931 F.2d 966 (1st Cir. ______________ _______________ 1991). Defendant thereafter brought a timely motion under former Fed. R. Crim. P. 35(a) for correction of sentence, claiming that the fines had been illegally imposed. He alleged, inter alia, that the court had failed properly to __________ consider his "income, earning capacity, and financial resources," as required by 18 U.S.C. 3622(a)(3).1 In ____________________ 1. 18 U.S.C. 3622(a) provided in relevant part: (a) In determining whether to impose a fine and the amount of a fine, the court shall consider, in addition to other relevant factors-- (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the defendant's income, earning capacity, and financial resources; (4) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose; (5) any pecuniary loss inflicted upon others as a result of the offense; (6) whether restitution is ordered and the amount of such restitution; (7) the need to deprive the defendant of illegally obtained gains from the offense .... particular, he contended (1) that this provision necessitated a finding that he was or reasonably would be able to pay the fines levied, and (2) that the court's implicit finding in this regard was unsupported by the record. From the denial of this motion, defendant now appeals. We find no error. "There is no abuse of discretion when the court had before it information bearing on all the relevant factors, including facts necessary to consider imposition of a substantial fine, absent a record showing the court refused to consider the section 3622(a) factors." United States v. Weir, 861 F.2d 542, 545 (9th Cir. 1988), _____________ ____ cert. denied, 489 U.S. 1089 (1989). The district court here _____________ had information pertaining to each of the pertinent criteria, including defendant's financial status. The court clearly considered each criterion; in fact, it has done so twice, first at sentencing and then in response to the instant motion. In balancing those factors, the court acted well within its discretion, particularly given defendant's prominent role in the smuggling organization and the need to deprive him of illegally obtained gains. And the fact that the fines imposed were only half of the statutory maximum reflects an appreciation by the court of defendant's financial status. See, e.g., United States v. Pilgrim Market ___ ____ _____________ ______________ Corp., 944 F.2d 14, 23 (1st Cir. 1991). _____ -3- We need not decide whether 3622(a) requires the court, not only to consider a defendant's financial condition, but to ensure that any fine imposed is reasonably consistent with his present or future ability to pay. Assuming arguendo that ________ such a requirement can be read into the statute, we think the fines here are consistent therewith. To be sure, defendant appears to lack the present ability to pay $250,000. The presentence report (PSI) listed his net worth as $26,000. Furthermore, contrary to the government's suggestion, the record provides little reason to believe that defendant possessed, or had access to, substantial additional assets that were not disclosed. Such a finding "must be reasonably supported by probative evidence." United States v. Rowland, _____________ _______ 906 F.2d 621, 624 (11th Cir. 1990). Yet the PSI stated there was "no evidence that the defendant amassed great quantities of money as a result of his criminal activity." Both his trial and appellate counsel were appointed. See U.S.S.G. ___ 5E1.2, comment (n.3). When arrested, he was renting a $60 per month apartment from his niece. And there was nothing in the record otherwise suggestive of hidden assets, such as an "extravagant lifestyle," United States v. Nazifpour, 944 F.2d _____________ _________ 472, 475 (9th Cir. 1991) (per curiam), or "significant unexplained expenditures." U.S.S.G. 5E1.2, comment (n.6). Nonetheless, as indicated by the reference in 3622(a)(3) to "earning capacity," a defendant's future -4- ability to pay is part of the equation. In contending that he has no realistic prospect of paying the fines, defendant points to his self-described work history, which consists principally of construction, masonry and factory jobs. He suggests that such work, while not insubstantial, is unlikely to yield the level of income that would permit payment of the fines. Yet this argument ignores the evidence that defendant created and headed a smuggling organization comprising some 160 members, including recruiters, transporters, boat captains, and police personnel. Given the skills necessarily entailed in such an endeavor, and given defendant's age (46), we think defendant has "at least a hope" of being able to pay the fines imposed. United States v. Mahoney, 859 F.2d 47, 52 _____________ _______ (7th Cir. 1988) (restitution order). Should this prediction prove faulty, and should the government seek to incarcerate him for nonpayment, defendant would have ample administrative remedies at his disposal. See, e.g., United States v. Levy, ___ ____ _____________ ____ 897 F.2d 596, 598 (1st Cir. 1990); Santiago v. United States, ________ _____________ 889 F.2d 371, 373-74 (1st Cir. 1989) (per curiam); see also ________ United States v. Dominguez, 951 F.2d 412, 416 (1st Cir. 1991) _____________ _________ ("an indigent defendant cannot be held in prison for failure to pay a fine"). Affirmed. _________ -5-