**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Prem S. SARIN, Defendant–Appellant.**

No. 92–5738.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 1, 1993.

Decided Nov. 16, 1993.

Alan Baron, Howrey & Simon, Washington, D.C., argued (W. Neil Eggleston, Laura S. Shores, Dianne S. Pickersgill, on brief), for defendant-appellant.

Dale Preston Kelberman, Asst. U.S. Atty., Baltimore, MD, argued (Gary P. Jordan, U.S. Atty., on brief), for plaintiff-appellee.

Before WILKINSON and WILLIAMS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

## OPINION

WILKINSON, Circuit Judge:

Appellant contends that improperly admitted evidence relating to a count on which the district court granted acquittal so affected the jury's consideration of the remaining counts that it may not constitute harmless error. We reject this contention and affirm the convictions.

### I.

Dr. Prem S. Sarin was the Deputy Director of the Laboratory of Tumor Cell Biology of the National Cancer Institute ("NCI"), an agency of the National Institutes of Health ("NIH"), from 1975 to 1991. As a result of congressional inquiries into mismanagement at NIH, the government initiated a grand jury investigation of Dr. Sarin's relationship with outside pharmaceutical companies.

In early 1991, the grand jury issued a subpoena *duces tecum* to Sarin as Custodian of Records of P.S. Consulting, a sole proprietorship fully owned by Sarin and under whose name he conducted outside consulting. Sarin was granted statutory immunity, pursuant to 18 U.S.C. § 6002, for his "act of producing" documents mandated by the subpoena.

Among the documents produced by Sarin was a check stub showing receipt of payment from Lyphomed, Inc., a biomedical research company. The government then obtained records from Lyphomed indicating the payments to Sarin, and interviewed employees of Lyphomed regarding those payments. The government presented evidence obtained directly from Lyphomed to the grand jury, and again at trial, in seeking the indictment and conviction of Sarin for failing to include payments from Lyphomed on his required financial disclosure statements. Despite receiving several payments from Lyphomed, Sarin never submitted to NIH a "Request for Approval of Outside Activity" form, nor did he

list the payments in his annual disclosure statement. At trial, the jury convicted Sarin on this charge of making false statements, which was included in the indictment as Count Four.

In addition to convicting Sarin on Count Four, the jury also convicted him on Counts One and Three. Count One charged Dr. Sarin with embezzling the property of Homburg Degussa Pharma ("Degussa"), another pharmaceutical company. Dr. Sarin was convicted of taking a payment from Degussa, which was intended to support research on an AIDS treatment, for his personal benefit. Count Three concerned Sarin's relationship with Degussa as well. It addressed Sarin's false statements on a "Request for Approval of Outside Activity" form with regard to research conducted on Degussa's behalf. Dr. Sarin substantially understated the extent of his commitment to, and the level of his compensation from, Degussa. Sarin was acquitted by the jury on Count Two, which charged him with unlawfully supplementing his income by accepting the Degussa payment.

Following the jury's verdict, the district court granted Dr. Sarin's motion for judgment of acquittal as to the Lyphomed count. The district court held that Count Four failed to charge an offense, and that, even if it did state an offense, the government failed to present sufficient evidence to convict. The district court upheld the jury's convictions on Counts One and Three, however, finding that there was no prejudicial "spillover" from the evidence presented on Count Four.

In this appeal, Dr. Sarin asserts that the evidence heard at trial regarding his receipt of payments from Lyphomed should have been barred by his grant of immunity. Sarin contends that his Fifth Amendment right against self-incrimination was violated by the introduction of evidence stemming from his protected act of document production. Sarin further argues that this alleged constitutional error infected the jury's consideration of the other counts against him, and thus that the district court erred in refusing to grant him acquittal on Counts One and Three.

## II.

We need not address here Dr. Sarin's challenge to the use of the Lyphomed records. Assuming, without deciding, that there was constitutional error in admitting those records, the error must be considered harmless in this case.

Courts have frequently held that the consideration of evidence—whether properly or erroneously admitted—relating to counts on which the defendant was acquitted did not prejudice the defendant with respect to other counts on which he was convicted. These holdings have come in cases where jury verdicts of guilty on some counts in a multi-count case have been set aside. *See, e.g., United States v. Thomas,* 676 F.2d 239, 243 (7th Cir.1980), *cert. denied,* 449 U.S. 1091, 101 S.Ct. 887, 66 L.Ed.2d 820 (1981); *United States v. Castro,* 476 F.2d 750, 752 (9th Cir. 1973); *United States v. Berlin,* 472 F.2d 1002, 1009 (2d Cir.), *cert. denied,* 412 U.S. 949, 93 S.Ct. 3007, 37 L.Ed.2d 1001 (1973); *National Dairy Prods. Corp. v. United States,* 384 F.2d 457, 462 (8th Cir.1967), *cert. denied,* 390 U.S. 957, 88 S.Ct. 1032, 19 L.Ed.2d 1151 (1968). *But see United States v. Eason,* 920 F.2d 731, 737 (11th Cir.1990). Similarly, the presentation of evidence relating to counts on which the jury fails to convict the defendant has been held not to prejudice the defendant as to the remaining counts on which the jury did return a guilty verdict. *See United States v. Bernard,* 757 F.2d 1439, 1443 (4th Cir.1985); *see also United States v. Santana–Camacho,* 931 F.2d 966, 968 (1st Cir.1991); *United States v. Fairfield,* 526 F.2d 8, 12 (8th Cir.1975). The general rule recognizes that jurors are capable of following instructions requiring them to consider each count separately, and that acquittal by the court on some counts after a verdict of guilty has been returned does not thereby infect all counts that were before the jury. As one court stated: "[i]t has ... long been the general rule that testimony related wholly to charges on which there was an acquittal, is not harmful even if it was improperly admitted at trial." *Blassingame v. United States,* 254 F.2d 309, 310 (9th Cir. 1958).

This circuit has also considered the effect of the presentation of evidence on counts set aside by the court after a jury conviction. In *United States v. Wilkins*, 385 F.2d 465 (4th Cir.1967), *cert. denied*, 390 U.S. 951, 88 S.Ct. 1043, 19 L.Ed.2d 1144 (1968), this court set aside the conviction of a defendant on one count of tax evasion while upholding the jury's convictions on the other three counts tried. The court held that "there was substantial independent evidence to support the defendant's convictions" on the other counts, and that "the taint attaching to the presentation of [the discarded count] was not so great as to permeate or materially affect the convictions on the remaining counts." *Id.* at 474.

█ Our decision in *Wilkins* is relevant here. The customary harmless error inquiry should be undertaken in all cases where an alleged evidentiary error underlies a particular count in a multi-count trial.

█ Applying the general rule described above, we have no difficulty in finding the error harmless here. The evidence used to convict Dr. Sarin on Counts One and Three was quite independent from the Lyphomed records, as those counts related to transactions with an entirely different pharmaceutical company—Degussa. This differentiation between the counts ensures beyond a reasonable doubt that any error in admitting the Lyphomed records was harmless. The Lyphomed records simply did not relate to Counts One and Three. There was sufficient evidence to support the convictions on those counts, and the jury was properly instructed on the elements of each separate offense. *See United States v. Thomas*, 676 F.2d at 243. Of course, the evidence with respect to Lyphomed did not reflect favorably on appellant, but that cannot be the test. If it were, it is difficult to see how any conviction in a trial in which the defendant was acquitted on a count where an alleged evidentiary error was committed could be sustained.

### III.

Because any error relating to the admission of evidence on Count Four would be harmless, and because we find no merit in the appellant's other assignments of error, the judgment of the district court is

*AFFIRMED.*