# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**Misc. Dkt. No. 2016-13**

———————————

## UNITED STATES
*Appellant*

**v.**

## Andrew I. LUTCZA
Airman First Class (E-3), U.S. Air Force, *Appellee*

———————————

Appeal by the United States Pursuant to Article 62, UCMJ

Decided 18 January 2017

———————————

*Military Judge:* Ryan A. Hendricks.

*SPCM convened at Francis E. Warren Air Force Base, Wyoming.*

*For Appellant:* Captain Matthew L. Tusing, USAF (argued); Colonel Katherine E. Oler, USAF; and Gerald R. Bruce, Esquire.

*For Appellee:* Captain Patricia Encarnación Miranda, USAF (argued); and Colonel Jeffrey G. Palomino, USAF.

Before BENNETT, SPERANZA, and JOHNSON, *Appellate Military Judges.*

Judge JOHNSON delivered the opinion of the court, in which Judges BENNETT and SPERANZA joined.

———————————

**PUBLISHED OPINION OF THE COURT**

———————————

JOHNSON, Judge:

On 11 October 2016, counsel for the Government filed an appeal under Article 62, UCMJ, 10 U.S.C. § 862, asserting that the military judge erred as a matter of law by suppressing the contents of a digital copy of data from Appellee's cell phone. The Government asserts that Appellee did not have a reasonable expectation of privacy in the digital copy of his cell phone data created

from the original with Appellee's consent. We conclude the military judge abused his discretion and thus grant the Government's appeal.

## I. BACKGROUND

Appellee is charged with one specification of making a false official statement and one specification of wrongfully using lysergic acid diethylamide (LSD), in violation of Articles 107 and 112a, UCMJ, 10 U.S.C. §§ 907, 912a. Trial defense counsel filed a pretrial motion to suppress data extracted from Appellee's cell phone and all derivative evidence therefrom. The special court-martial convened on 30 August 2016.

After the presentation of evidence and argument by counsel, the military judge granted the defense motion, issuing a six-page ruling. The military judge made the following findings of fact, which are not in dispute on appeal:

> a. On 24 March 2016, Special Agents ("SA") of the Air Force Office of Special Investigation[s] ("AFOSI") interviewed [Appellee]. During the interview, [Appellee] consented to a search of his telephone and signed a Consent for Search and Seizure form AF IMT **1364** that authorized AFOSI to search: (1) "Vehicle: Black 2009 Audi A4 Reg: WY"; (2) "Phone: Text Messages and Multimedia (Apps), Phone Logs, No Pictures"; (3) "Urine"; and (4) "Dormitory []."
>
> b. Shortly after receiving the consent authorization, SA [BS] used a cellphone extraction device, the UFED [Universal Forensic Extraction Device] Touch, to extract a digital copy of data from [Appellee's] phone from 17:45 to 18:08 on 24 March 2016. SA [BS] showed [Appellee] the UFED Touch Settings. After being shown the UFED Touch settings, [Appellee] inquired if "MMS" referred to pictures. The extraction was completed that day during AFOSI's interview with [Appellee], and the data was transferred from the extraction device to a stand-alone computer.
>
> c. SA [BS] is **the** primary AFOSI SA called upon to conduct searches and seizures using the UFED hardware and software by a ratio of ten to one as compared to any other SA in his Detachment.
>
> d. On 26 April 2016, [Appellee] revoked all prior consents to search.
>
> e. Between 4 May and 6 May [2016], SA [BS] contacted the three individuals identified from the search of [Appellee's] text

messages. SA [BS] would not have hesitated to follow up on **information** found as a result of his analysis.

f. On some unspecified date after 24 March 2016, SA [BS] used UFED software on the stand-alone computer to search the digital copy of [Appellee's] phone data. SA [BS] identified several text messages containing the term "Acid" between [Appellee] and three individuals. SA [BS] used the UFED software to generate a .pdf report.

g. SA [BS] is **unable** to recall the date when he searched the digital copy of [Appellee's] phone data, or whether he searched the copy before or after consent to search was revoked.

Although not specifically included in the military judge's findings of fact, it is clear from the record and uncontested by the parties that SA BS returned Appellee's cell phone to him on the date of the interview, 24 March 2016, after using the UFED Touch to extract data. AFOSI did not retake possession of Appellee's cell phone at any point before Appellee revoked his consent.

The military judge concluded that although Appellee authorized the AFOSI agents to make a copy of data from his cell phone for use after 24 March 2016, Appellee retained a reasonable expectation of privacy in that copy. Therefore, the military judge concluded, Appellee's revocation of his consent on 26 April 2016 extinguished the agents' ability to rely on the previously given consent to "search" or analyze their copy of the data. Because the Government could not establish by a preponderance of the evidence either that SA BS searched the digital copy before consent was revoked or that the evidence would inevitably have been discovered, and because the deterrent value of exclusion in this case was not outweighed by the costs to the military justice system, the military judge concluded the evidence must be suppressed.

On 1 September 2016, the Government served notice of appeal on the military judge and trial defense counsel. The authenticated record of trial was docketed with this court on 20 September 2016. We heard oral argument on 8 December 2016.

## II. JURISDICTION AND STANDARD OF REVIEW

This court has jurisdiction to hear this appeal under Article 62(a)(1)(B), UCMJ, 10 U.S.C. § 862(a)(1)(B), which authorizes the Government to appeal "[a]n order or ruling which excludes evidence that is substantial proof of a fact material in the proceeding" in a court-martial where a punitive discharge may be adjudged.

We review a military judge's ruling on a motion to suppress evidence for an abuse of discretion. *United States v. Freeman*, 65 M.J. 451, 453 (C.A.A.F. 2008)

(citing *United States v. Ayala*, 43 M.J. 296, 298 (C.A.A.F. 1995)). The military judge's findings of fact are reviewed for clear error, but his conclusions of law are reviewed de novo. *United States v. Keefauver*, 74 M.J. 230, 233 (C.A.A.F. 2015). "[T]he abuse of discretion standard of review recognizes that a judge has a range of choices and will not be reversed so long as the decision remains within that range." *United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004). However, "[a] military judge abuses his discretion when his findings of fact are clearly erroneous, when he is incorrect about the applicable law, or when he improperly applies the law." *United States v. Roberts*, 59 M.J. 323, 326 (C.A.A.F. 2004). "In reviewing a ruling on a motion to suppress, we consider the evidence in the light most favorable to the prevailing party." *Id.*

Because this issue is before us pursuant to a Government appeal, we may act only with respect to matters of law. Article 62(b), UCMJ. We may not make findings of fact, as we are limited to determining whether the military judge's factual findings are clearly erroneous or unsupported by the record. *United States v. Lincoln*, 42 M.J. 315, 320 (C.A.A.F. 1995). "When a court is limited to reviewing matters of law, the question is not whether a reviewing court might disagree with the trial court's findings, but whether those findings are 'fairly supported by the record.'" *Gore*, 60 M.J. at 185 (quoting *United States v. Burris*, 21 M.J. 140, 144 (C.M.A. 1985)).

### III. ANALYSIS

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated; and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

U.S. CONST. amend. IV. Whether a search is "reasonable" depends, in part, on whether the person subject to the search has a subjective expectation of privacy in the thing to be searched, and that expectation is objectively reasonable. *United States v. Wicks*, 73 M.J. 93, 98 (C.A.A.F. 2014). Evidence obtained as a result of an unlawful search is inadmissible against an accused if the accused (1) makes a timely objection, and (2) has an adequate interest, such as a reasonable expectation of privacy in the person, place, or property searched. Mil. R. Evid. 311(a).

Searches conducted pursuant to a warrant or authorization based on probable cause are presumptively reasonable, whereas warrantless searches are presumptively unreasonable unless they fall within a few specifically established and well-delineated exceptions. *United States v. Hoffmann*, 75 M.J. 120,

123–24 (C.A.A.F. 2016). Consent is a specifically established exception to both the warrant and probable cause requirements of the Fourth Amendment. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). "Property . . . may be seized with consent consistent with the requirements applicable to consensual searches under Mil. R. Evid. 314." Mil. R. Evid. 316(c)(3). "Consent [to search] may be limited in any way by the person granting consent, including limitations in terms of time, place, or property, and may be withdrawn at any time." Mil. R. Evid. 314(e)(3). The Government bears the burden of showing the applicability of the consent exception. *Hoffmann*, 75 M.J. at 124.

The military judge found Appellee gave valid consent for the AFOSI agents to search his cell phone for certain information, to include text messages, and to make and retain a copy of that data. However, the military judge erred in concluding that Appellee retained a reasonable expectation of privacy in the copy. In his written ruling, the military judge explains his conclusion in part by stating:

> The government relies on a number of unpublished opinions in support of its assertion that 'no reasonable expectation of privacy exists in government copies of lawfully seized data.' . . . However, the cited case law does not establish that an individual loses their privacy interest in copies made by the government as a matter of law.[1]

Contrary to the military judge's assertion, the cited cases, including an unpublished opinion of this court, all indicate that a Government-created *copy* of evidence that was lawfully seized, whether by consent or by a search warrant, does not carry a reasonable expectation of privacy and is not to be suppressed if that copy was created before consent was revoked. *See United States v. Cote*, Misc. Dkt. No. 2009-15 at 7 (A.F. Ct. Crim. App. 6 April 2010) (unpub. op.) ("[N]o reasonable expectation of privacy exists in copies made of lawfully seized data."); *United States v. Ward*, 576 F.2d 243, 244–45 (9th Cir. 1978) ("[W]e agree with the district court that any evidence gathered or copies made from the records during the intervening five days [before consent was revoked] should not be suppressed."); *United States v. Ponder*, 444 F.2d 816, 818 (5th

---

[1] It is not entirely clear what the military judge meant by this last sentence. He may have meant simply that the cases cited were merely persuasive authority rather than binding precedent. However, in context, and in particular considering his parenthetical summaries of the opinions, it appears likely that he meant the cited cases reached conflicting conclusions as to whether an individual retains a privacy interest in government-created copies of evidence lawfully obtained.

Cir. 1971), *cert. denied*, 405 U.S. 918 (1971) ("Ponder agreed to supply the records requested and voluntarily delivered them . . . [a]t that point there was a valid consent to search, which carries with it the right to examine and photocopy."); *United States v. Sharp*, 2015 U.S. Dist. LEXIS 101342 at 15–16 (N.D. Ga. 2015) ("Because the copy of Sharp's computer was made prior to his revocation of consent, the evidence obtained from a search of this copy will not be suppressed."); *United States v. Megahed*, 2009 U.S. Dist. LEXIS 24441 at 11 (M.D. Fla. 2009) ("[N]either the defendant nor [his father] retained a reasonable expectation of privacy in the mirror image copy that the FBI had obtained already with [the father's] consent and had begun already to search.")[2]; *see also Mason v. Pulliam*, 557 F.2d 426, 429 (5th Cir. 1977) ("This withdrawal [of consent] does not affect the validity of [the agent's] actions prior to the time he received notice that his right to retain Mason's papers was gone. The district court correctly refused to require the return of copies made prior to the demand by Mason's attorney.") Although these decisions are merely persuasive authority, the military judge's failure to recognize their unanimity and the significance of their holdings suggests his ruling was informed by an erroneous view of the state of the law. Regardless, we find the military judge erred in his application of the law and thereby abused his discretion.

We find the reasoning of the cited decisions persuasive, particularly where, as in the case at bar, not only was consent given to provide the cell phone data, but also specifically to copy it. Once Appellee consented to expose the data in this manner to the AFOSI agents, it did not matter for Fourth Amendment purposes whether the agents accomplished their search by directly reading the messages from the cell phone itself, taking written notes, photographing the screen, or using the UFED Touch to copy the data. In these hypothetical cases, the agents would not have been required to destroy their photographs, notes, or memories, and in the instant case they were not required to destroy their copy of the data. Appellee retained a privacy interest in his cell phone—his

---

[2] We recognize that in *Megahed*, unlike the instant case, the investigators began the actual review of the copied data prior to the revocation of consent. *United States v. Megahed*, 2009 U.S. Dist. LEXIS 24441 at 11 (M.D. Fla. 2009). However, the court in *Meghahed* cited the *Ponder*, *Mason*, and *Ward* decisions with approval, none of which relied on the investigators' actual review of the copies in finding the copies were not to be suppressed. *Id.* Therefore, it does not appear this distinction was essential to the court's ruling in that case. *Cf. United States v. Sharp*, 2015 U.S. Dist. LEXIS 101342 at 14 (N.D. Ga. 2015) (employing *Megahed* as persuasive authority for the proposition that a "defendant did not 'retain [] a reasonable expectation of privacy in the mirror image copy that the FBI had already obtained,'" without reference to the fact that the FBI agents had begun to review the imaged copy before consent was revoked).

property—but not in the copy created by AFOSI, which was not Appellee's property. We conclude the military judge abused his discretion by finding Appellee had a reasonable expectation of privacy in the copy of data Appellee allowed AFOSI agents to create using the UFED Touch.[3]

Appellee contends the reasoning of these cases does not survive the Supreme Court's opinion in *Riley v. California*, 134 S. Ct. 2473 (2014). We disagree. The holding of *Riley* is that a warrant is generally required in order to search the information on a cell phone, even when that cell phone is seized during a search incident to arrest. *Id.* at 2493. The significance of *Riley* to the instant case is simply that an individual normally has a substantial privacy interest in the contents of his cell phone. *See id.* at 2494. Consent is, of course, an exception to the warrant requirement. *See Schneckloth,* 412 U.S. at 219; Mil. R. Evid. 314(e)(1). The Supreme Court in *Riley* did not create a privacy interest in a copy of data created by investigators from a cell phone that the owner of the cell phone knowingly and voluntarily consented to have searched. However importantly an individual's cell phone features in the individual's life, however much private information it may contain, that individual nevertheless may consent to reveal that information to investigators. When the individual does so, within the limits of the specific consent granted, as between himself and the Government, he does not retain a reasonable expectation of privacy in the data the investigators thereby retrieve and copy from the cell phone. That is what occurred here.

As there is no reasonable expectation of privacy in a copy of data that investigators create from lawfully seized evidence, the reliance of the military judge and Appellee on *United States v. Dease*, 71 M.J. 116 (C.A.A.F. 2012), is misplaced. In *Dease*, our superior court found the military judge did not abuse his discretion by finding the appellant retained a reasonable expectation of privacy in a urine sample he provided by consent, and, therefore, it was not an abuse of discretion for the military judge to suppress the results of a urinalysis performed after the appellant withdrew consent. *Id.* at 121–23. Unlike *Dease*, where the search (i.e., the urinalysis) was performed after consent was withdrawn, in Appellee's case the search (i.e., the extraction of data using the UFED Touch) occurred during the period of consent—indeed, with Appellee's participation. SA BS's later review of the copied information previously obtained was not a search for Fourth Amendment purposes because, unlike the

---

[3] As noted above, "[c]onsent may be limited in any way by the person granting consent," Mil R. Evid. 314(e)(3), and the result might be different if Appellee had refused AFOSI consent to make an electronic copy of the data from his cell phone. Here, the military judge specifically found Appellee did validly consent to the creation of the electronic copy.

cell phone itself, the copy of the data always belonged to AFOSI, not Appellee, and Appellee had no reasonable expectation of privacy in it.

Because the military judge erroneously concluded Appellee retained a reasonable expectation of privacy in the copy of data AFOSI obtained from his cell phone by consent, he abused his discretion when he suppressed the results of SA BS's "search" of that copied data after Appellee withdrew his consent to the search of his cell phone.

## IV. Conclusion

The appeal of the United States under Article 62, UCMJ, is **GRANTED**. The military judge's ruling to grant the defense motion to suppress the contents of the UFED report and all derivative evidence therefrom is vacated. The record is returned to the Judge Advocate General for remand to the military judge for action consistent with this opinion.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court