J. BROWN, Senior Judge
(concurring in part and concurring in the result):
I join my esteemed colleagues in all but a portion of their rationale regarding the search of Appellant’s cellular phone. Although I agree that the military judge did not abuse her discretion in failing to suppress information obtained from Appellant’s cellular phone, I basé my conclusion on the existence of a valid search warrant for the phone—not on Appellant’s initial consent to search the phone that was later revoked.
I write separately because I am skeptical of the majority’s reliance on the holding of United States v. Lutcza, Misc. Dkt. No. 2016-13, 2017 WL 430069, 2017 CCA LEXIS 28 (A.F. Ct. Crim. App. 18 Jan. 2017) for the broad proposition that there is no reasonable expectation of privacy in a government-created version of digital evidence that was seized pursuant to an accused’s consent where an accused later revokes that consent. Though Lutcza was a published decision from another panel of this court, my hesitation stems from my concern that the opinion did not fully address the potential implication of Military Rule of Evidence 314(e)(3) to its holding. That rule provides that consent may be withdrawn “at any time,” A plain reading of the rule might suggest that an accused could indeed withdraw consent to future searches of forensically identical versions of an ac *662 cused’s computer files—regardless of whether a version of those files are located on electronic storage devices owned by an accused or the Government. Nevertheless, as there was a valid search warrant here, resolution of this more difficult issue is not necessary to dispose of this assignment of error.